**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:00-CR-50 |
| **Plaintiff,** : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| **JAY TANIGUCHI,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before the Court on the Government's Motion to Hold Hearing in Abeyance. (ECF No. 273). For the reasons set forth below, the Court **DENIES** the Government's Motion.

## I.   BACKGROUND

After Defendant Jay Taniguchi ("Mr. Taniguchi") moved for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 267), this Court found extraordinary and compelling reasons warranting a sentence reduction. (ECF No. 272 at 11). The Court ordered a hearing for the parties to present arguments on the appropriate modification in light of the sentencing factors under 18 U.S.C. § 3553(a). (*Id.* at 12). The Government later filed a motion to hold that hearing in abeyance pending resolution of a case currently before the Sixth Circuit Court of Appeals, which the Government contends "is likely to provide prompt resolution to issues that will shape the appropriate proceedings here." (ECF No. 273 at 1). Mr. Taniguchi filed a response in opposition to the Government's request. (ECF No. 277). This matter is ripe for review.

On November 15, 2000, Mr. Taniguchi was sentenced to a mandatory minimum of 504 months of imprisonment and five years of supervised release, a sentence enhanced pursuant to 18 U.S.C. 924(c)(1)(C) for brandishing, using, and carrying a firearm during and in relation to a crime

of violence. (ECF No. 91); *see also* (ECF Nos. 267 at 1; 272 at 1). On June 11, 2020, Mr. Taniguchi filed a *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 267). The Court granted Mr. Taniguchi's motion. (ECF No. 272). In doing so, the Court concluded:

> In combination, Defendant's health conditions, which may place him at a higher risk of severe illness from COVID-19, his lengthy conviction under § 924(c), the FSA amendments to § 924(c), his demonstrated rehabilitation, and his time served, together present "extraordinary and compelling reasons" justifying a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

(*Id.* at 11). Since neither Mr. Taniguchi nor the Government addressed the factors under 18 U.S.C. § 3553(a) relevant to a sentence reduction, the Court ordered a hearing to consider such factors and allow the parties to present arguments on that issue. (*Id.* at 12).

On November 10, 2020, the Government filed its Motion requesting that the § 3553(a) hearing be held in abeyance. (ECF No. 273). The Government argues that the Sixth Circuit will soon decide a case that will guide the proceedings in the instant matter. That case, *United States of America v. James Brown*, No. 20-4052 ("*Brown II*"), is an appeal from an Order of this Court in a separate case, *United States of America v. Phipps et al.*, No. 2:95-cr-00066 ("*Brown I*"). In *Brown I*, the defendant moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the Court denied. Order at 1, *USA v. Phipps et al.*, No. 2:95-cr-00066 (S.D. Ohio Sept. 21, 2020), ECF No. 377.

The Government argues that the defendant in *Brown I*, "like Taniguchi, relied principally on § 403 of the First Step Act, which amended § 924(c)(1)(C) to eliminate the stacking of a 25-year mandatory-minimum sentence on a defendant who had no prior § 924(c) conviction." (ECF No. 273 at 1). The Government asserts that "Brown argued, like Taniguchi, that this change in the law is an extraordinary and compelling reason to reduce his sentence." (*Id.* at 2). The Government contends that the issue on appeal in *Brown II* is "squarely implicated in this case: 'Whether 18

U.S.C. § 3582(c) authorizes a district court to grant a defendant's motion for a sentence reduction based on extraordinary and compelling circumstances other than the medical condition, age, or family circumstances of the defendant.'" (*Id.* at 2 (quoting Brief for Defendant-Appellant James R. Brown at 9, *United States of America v. James R. Brown*, No. 20-4052 (6th Cir. Oct. 21, 2020), ECF No. 11)). According to the Government, the "Sixth Circuit's resolution of this issue—which may also reach the question whether § 403 represents an extraordinary and compelling reason to reduce a sentence—will provide guidance on what remaining proceedings, if any, are appropriate here." (*Id.*). Finally, the Government argues that because of *Brown II*'s expedited schedule, holding the hearing in abeyance would not unduly prejudice Mr. Taniguchi. (*Id.*).

The Government subsequently filed a notice of authority, calling to this Court's attention the Sixth Circuit's decision in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). (ECF No. 274). In *Jones*, the Sixth Circuit held, *inter alia*, that U.S.S.G. § 1B1.13 "is not an 'applicable' policy statement in cases where incarcerated persons file their own motions in district court for compassionate release." *Jones*, 980 F.3d at 1101. That policy statement would, if applicable, "limit[] district courts to 'extraordinary and compelling' reasons" for compassionate release that the Bureau of Prisons has defined. *Id.* at 1110. Essentially, the Sixth Circuit reasoned that the First Step Act's procedural reforms allowing incarcerated persons to file their own motions for compassionate release rendered U.S.S.G. § 1B1.13 inapplicable in such cases, even though it remains applicable where the Bureau of Prisons files the motion. *See id.* at 1109-11. Thus, it held that "[u]ntil the Sentencing Commission updates U.S.S.G. § 1B1.13 to reflect the First Step Act, district courts have full discretion to determine whether an 'extraordinary and compelling' reason justifies compassionate release" in the context of motions brought by imprisoned persons. *Id.* at 1109.

The Government disagrees with the *Jones* court's "reason[ing] that U.S.S.G. § 1B1.13 is only an 'applicable policy statement' for purposes of 18 U.S.C. § 3582(c)(1)(A) where the motion is brought by BOP, not the prisoner." (ECF No. 274 at 1) (citation omitted). It attempts to preserve the argument that that reasoning is incorrect and unnecessary to the decision in *Jones*. (*Id.* at 2). It contends that *Jones* did "not resolve the question whether § 403 of the First Step Act, related to § 924(c) stacking, can be an extraordinary and compelling reason to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i)." (*Id.*). That question, according to the Government, is likely to be answered in *Brown II*. (*Id.*). It also noted that "the mandate has not yet issued from the Sixth Circuit and rehearing remains possible." (*Id.* at 1).

On December 7, Mr. Taniguchi filed a response in opposition to the Government's motion. (ECF No. 277). Mr. Taniguchi apparently accepts the holding and reasoning in *Jones* "that U.S.S.G. § 1B1.13 does not 'apply' to cases where an imprisoned individual files a motion for compassionate release, and that '[u]ntil the Sentencing Commission updates . . . § 1B1.13 to reflect the First Step Act, district courts have full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release . . . .'" (*Id.* at 1) (quoting *Jones*, 980 F.3d at 1109). Mr. Taniguchi argues that since this Court already found extraordinary and compelling reasons for a sentence reduction in the case *sub judice*, the hearing should not be held in abeyance. (*Id.*).

## II.  ANALYSIS

The Court declines to hold the hearing in abeyance. The instant matter is distinguishable from *Brown I* and *II*, and the Court is unpersuaded that no undue prejudice would result if the hearing is held in abeyance.

- 4 -

In *Brown I*, the defendant argued that the change in law brought on by the First Step Act's amendment to § 924(c) "stacking" presented an extraordinary and compelling reason warranting a sentence reduction. *See* Memorandum of Law in Support of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) at 13-14, *United States of America v. Phipps et al.*, No. 2:95-cr-00066 (S.D. Ohio Nov. 27, 2019), ECF No. 339. He did not argue, however, for other extraordinary and compelling reasons. *See id.* In an Order, this Court found that the relevant "post-sentencing change to the law" did not constitute an extraordinary and compelling reason for a sentence reduction. Order at 6, *United States of America v. Phipps et al.*, No. 2:95-cr-00066 (S.D. Ohio Nov. 27, 2019), ECF No. 377. It also found that the "changes" defendant asserted he has made, which were in the nature of rehabilitation, did not constitute such reasons. *Id.* at 5-6. *Brown II* is an appeal from that Order. Notice of Appeal, *United States of America v. Phipps et al.*, No. 2:95-cr-00066 (S.D. Ohio Nov. 27, 2019), ECF No. 380.

Mr. Taniguchi's case is factually distinguishable from *Brown I*. In addition to arguing that the relevant change in law—§ 403 of the First Step Act's amendment to § 924(c)(1)(C)—presented an extraordinary and compelling reason warranting a sentence reduction, Mr. Taniguchi argued, *inter alia*, that he suffers from underlying health conditions that place him at an increased risk of severe illness were he to contract COVID-19. (ECF No. 272 at 9-10). This Court's finding that extraordinary and compelling reasons for a sentence reduction exist was based in part on the latter argument. (*Id.* at 11). The defendant in *Brown I* did not suggest as part of the basis for his request for a sentence reduction either the spread of COVID-19 or his increased risk of severe outcomes if he were to contract the virus. *See* Memorandum of Law in Support of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), *United States of America v. Phipps et al.*, No. 2:95-cr-

00066 (S.D. Ohio Nov. 27, 2019), ECF No. 339; Brief for Defendant-Appellant James R. Brown, *United States of America v. James R. Brown*, No. 20-4052 (6th Cir. Oct. 21, 2020), ECF No. 11.

Additionally, the legal issues on appeal in *Brown II* appear unlikely to render the hearing in this case unnecessary. The Government contends that the pertinent issue in *Brown II* is "'[w]hether 18 U.S.C. § 3582(c) authorizes a district court to grant a defendant's motion for a sentence reduction based on extraordinary and compelling circumstances other than the medical condition, age, or family circumstances of the defendant.'" (ECF No. 273 at 2 (quoting Brief for Defendant-Appellant James R. Brown at 9, *United States of America v. James R. Brown*, No. 20-4052 (6th Cir. Oct. 21, 2020), ECF No. 11)). If the question presented in *Brown II* is properly construed so broadly, it was addressed in *Jones*. As the *Jones* court stated:

> [T]he passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release. . . Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned individual files a § 3582(c)(1)(A) motion.

*Jones*, 980 F.3d at 1109. Although the Government noted that "the mandate ha[d] not yet issued from the Sixth Circuit and rehearing remains possible" in *Jones*, (ECF No. 274 at 1), the mandate was since issued on December 14, 2020. Mandate, *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020) (No. 20-3701), ECF No. 14. No petition for rehearing has been filed. To the extent the Government still seeks to "preserve[]" the argument that the above conclusion in *Jones* was incorrectly reasoned and unnecessary to the decision, (ECF No. 274 at 1-2), the Court need not address it in the context of the Government's motion for abeyance.[1]

---

[1] The Government apparently seeks only to preserve the argument and instead argues that regardless of the *Jones* decision, the question of whether the change to § 924(c) "stacking" can be an extraordinary and compelling reason warranting a sentence reduction is an "issue . . . likely to be resolved in *Brown*, and holding a sentencing hearing in abeyance for that resolution remains appropriate." (ECF No. 274 at 2).

Alternatively, if the question in *Brown II* is whether § 403's change to § 924(c) "stacking" is an extraordinary and compelling reason unto itself, *Brown II* would be inapposite to the case at bar. Here, the Court found that that change in law *in combination with* "Defendant's health conditions, which may place him at a higher risk of severe illness from COVID-19, his lengthy conviction under § 924(c), . . . his demonstrated rehabilitation, and his time served, together present[ed] 'extraordinary and compelling reasons' justifying a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)." (ECF No. 272 at 11). Furthermore, the Government does not argue, nor does the Court discern, that the issues on appeal in *Brown II* include the question of whether § 403's amendment to § 924(c)(1)(C) "stacking" may combine with other facts to form an extraordinary and compelling reason for a sentence reduction. Even assuming, *arguendo*, the court in *Brown II* were to construe that question as being on appeal, it would have to answer it in the negative before this Court would need to revisit its finding that extraordinary and compelling reasons for a sentence reduction exists in Mr. Taniguchi's case. Answering that question in the negative would seem to be at odds with the statement in *Jones* that, for the time being, "district courts have full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release" in a case such as Mr. Taniguchi's. *Jones*, 980 F.3d at 1109. And even if the Sixth Circuit in *Brown II* chose to contradict that statement, that would not automatically lead to the conclusion that extraordinary and compelling reasons for a sentence reduction do not exist in Mr. Taniguchi's case.[2]

---

Moreover, the Government failed to articulate why it believes *Jones*' "reasoning is incorrect, and also that it was unnecessary to the decision." (*Id.* at 2).

[2] The Court has not considered—and it does not do so here—whether, excluding the relevant change in law, "Defendant's health conditions, which may place him at a higher risk of severe illness from COVID-19, his lengthy conviction under § 924(c), . . . his demonstrated rehabilitation, and his time served," (ECF No. 272 at 11), would, taken in combination, present an extraordinary and compelling reason for a sentence reduction.

Finally, it is not clear that no undue prejudice to Mr. Taniguchi would result by delaying the hearing. Although the Sixth Circuit in *Brown II* has determined that oral argument is not required, it scheduled the case for submission to the Court on the record and the parties' briefs on Tuesday, March 2, 2021. Notice, *United States of America v. James R. Brown*, No. 20-4052 (6th Cir. Dec. 28, 2020), ECF No. 20. Thus, at least three months will likely pass before an opinion is issued in *Brown II*. Meanwhile, this Court has found that extraordinary and compelling reasons warrant a sentence reduction vis-à-vis Mr. Taniguchi, among them the risk of severe illness he faces considering the spread of COVID-19 and his underlying health conditions. Under *Jones*, the Court must still consider any applicable § 3553(a) factors. *See Jones*, 980 F.3d at 1108 ("At step three, '§3582(c)[1(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'") (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). Delaying consideration of such factors indefinitely presents an increased risk that Mr. Taniguchi will contract COVID-19 while incarcerated and possibly face severe illness as a result.

In light of the foregoing, the Court declines to hold the hearing in abeyance based on the appeal in *Brown II*.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Government's Motion to Hold Hearing in Abeyance. (ECF No. 273).

**IT IS SO ORDERED.**

**DATED:  December 29, 2020**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**