IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:00-CR-050 |
| v. | : JUDGE ALGENON L. MARBLEY |
| JAY KEVIN TANIGUCHI, | : |
| Defendant. | : |

**ORDER**

This matter comes before this Court on Defendant Jay Kevin Taniguchi's Motion for Early Termination of Supervised Release ("Motion"). (ECF No. 286). For the reasons set forth below, the Motion is **GRANTED.**

In July 2000, a jury found Mr. Taniguchi guilty of several charges stemming from his participation in a series of armed robberies between 1998 and 2000: three counts of Hobbs Act violations, *see* 18 U.S.C. § 1951, three use-of-firearm-during-commission-of-a-felony violations, *see id*. § 924(c), and bank larceny, *see id*. § 2113(b). (ECF No. 69). On November 15, 2000, this Court sentenced him to imprisonment for a total of 504 months, followed by five years of supervised release. (ECF Nos. 91, 94). Mr. Taniguchi was also ordered to pay a $600 special assessment and restitution in the amount of $166,907.75. (*Id.*). On October 11, 2002, the United States Court of Appeals for the Sixth Circuit affirmed petitioner's convictions and sentence. (ECF No. 116).

On February 19, 2021, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), this Court reduced Mr. Taniguchi's sentence from a total of 504 months of incarceration to an effective term of time served (a total of 288 months), to be followed by three years of supervised release on

1

the counts related to the Hobbs Act and bank larceny, and five years of supervised release on the firearm-related counts.  (ECF Nos. 272, 283).  The supervised release terms were ordered to run concurrently.  (*Id.*). Beginning on September 16, 2021, Mr. Taniguchi was ordered to pay $25 monthly toward his court-ordered restitution obligation.  (*See* ECF No. 284).

On September 9, 2024, Mr. Taniguchi petitioned this Court for early termination of his supervised release.  (ECF No. 286).  He represents that he currently makes monthly payments of $100 toward his restitution payment and asks to be bound to this monthly amount until his restitution is paid.  (*Id.*). The government does not oppose the Motion and further notes that Mr. Taniguchi's Probation Officer "reports his strict compliance with the terms of his supervision, including making regular payments toward his restitution obligation."  (ECF No. 287).

This Court may terminate a term of supervised release any time after one year if such action is warranted by the conduct of the defendant and in the interest of justice.  18 U.S.C. § 3583(e)(1). Factors this Court considers include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) whether adequate deterrence was afforded; (4) protection of the public from further crimes of the defendant; (5) providing the defendant with educational or vocational training; (6) the sentencing range established by the guidelines; (7) pertinent policy statements issued by the Sentencing Commission; (8) the need to avoid sentence disparity; and (9) the need to provide restitution to victims. *Id.*; 18 U.S.C. § 3553.

Upon consideration of these factors, the Court finds that termination of probation is warranted by Mr. Taniguchi's conduct and is in the interest of justice.  Since his release, Mr. Taniguchi has fully complied with his probation terms and paid his monthly restitution as agreed upon. (ECF No. 286).  In addition to maintaining stable housing, he has been employed as a lead electrician for a growing local electric services company.  (*Id.*).  He cites a strong support network

2

of family and colleagues as key to success on supervised release. (*Id.*). He enjoys the people with whom he works and, on his time off, spends time with his mother, helping her care for his elderly father who suffers from dementia. (*Id.*). Mr. Taniguchi has also met a partner since his release; they have been dating for three years, and Mr. Taniguchi's letter speaks fondly of her support of his self-improvement efforts, and her acceptance and understanding of his past. (*Id.*). If released early, Mr. Taniguchi intends to continue his personal growth, and the two plan to marry. (*Id.*). Importantly, neither Mr. Taniguchi's Probation Officer nor the government oppose Mr. Taniguchi's request for early termination of his supervised release. (ECF No. 287). Although the crimes of which Mr. Taniguchi has been convicted were certainly serious, his recent compliance with the law and reintegration efforts warrant early termination.

For good cause shown, the Motion (ECF No. 286) is **GRANTED**. Mr. Taniguchi's supervised release is hereby **TERMINATED**, and he shall continue to pay $100 monthly in restitution payments. This Court congratulates Mr. Taniguchi on his success in complying with his release conditions, his commitment to looking after his family, and his promising relationship with his partner. He is encouraged to remain on his current upward trajectory, even absent governmental supervision.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 17, 2024**